Johnson, C. J. This was a.bill to perfect an instrument of writing charged to have been intended as an absolute conveyance in fee. It is alleged that, although the instrument has the word ‘seals’ written on the face of it, and is regularly acknowledged by Madden and wife, through an omission or mistake they failed to affix their seals or scrolls by way of seal, and that by means of which omission or neglect they failed to get a legal title to the lands therein described. That they never discovered the fact until about the 15th of February 1841, when they applied to Madden and wife to make them an absolute and legal title to the said land, and to deliver the possession, but that they refused, and pretended that the said writing was a good and valid deed, and that it conveyed a legal title. The complainants then pray for a writ of subpoena to bring the defendant, James W. Madden before the court, to answer the charges contained in the bill and also that a decree shall be entered against him to execute and deliver to them a good and valid title in fee simple to the land described in the writing set out in the bill and to let them into possession, they having paid the purchase money, and for other and farther relief. The defendants in their answer admit that they executed such a writing as that exhibited and set forth in the bill, but positively deny that they ever intended it as an absolute deed of conveyance, or that they ever pretended that such would or could be the effect of it. They admitted that it was their intention that the said writing should be under seal, and Madden himself also admitted that he refused to make the same a deed when subsequently requested to do so by the complainants. The defendants then charged that the said writing was intended by both parties, at the time of its execution, to be a deed of mortgage to secure the payment of certain debts due and owing by said defendant, James W. Madden to said complainants, and for certain other debts, for which the complainants or one of them was security. The defendants then charge that on the same day of the execution of the writing set forth in the bill, the complainants and himself executed a certain instrument by which it was agreed that on the payment of certain moneys therein specified by a day therein named, they the said complainants would relinquish the deed exhibited in the bill of complaint. At a late stage of the proceeding the record shows that both parties appeared by their solicitors and agreed over their respective signatures that the paper marked “ Exhibit A,” (meaning the said defeasance) appended to the defendant’s answer was signed and delivered by John D. Moore in his life-time, and that he also signed the names of James Moore and David M. Moore, and that they shall be received in evidence to the same extent as though that fact were proven by the subscribing witnesses to said instrument. These are all the facts which we deem it material to state. Upon this state of case the question arises as to the correctness of the decree rendered by the circuit court. The first point to be settled is the character of the contract entered into by the parties. The condition upon which the land is conveyed is usually inserted in the deed of conveyance, but the defeasance may be contained in a separate instrument; and if the deed be absolute in the first instance and the defeasance be executed subsequently it will relate back to the date of the principal deed, and connect itself with it, so as to render it a security in the nature of a mortgage. In equity, the character of the conveyance is determined by the clear and certain intention of the parties,- and any agreement in the deed, or in a separate instrument,- showing that the parties intended that the conveyance should operate Ss a security for the re-pavment of money, will make it such and give to the mortgagor the right of redemption. A deed, absolute on the face of it and though registered as a deed, will be valid and effectual-as a mortgage, as between the parties, if it was intended by them to be merely a security for a debt, and this would be the case though) the defeasance was by an agreement resting in parol; for parol evidence is admissible to show that an absolute deed was intended as a mortgage, and that the defeasance has been omitted or destroyed by fraud or mistake. See 4 K. C. p. 140, I and 2 and the cases there cited. The two instruments taken together would doubtless constitute a mortgage, and entitle the complainant to a decree of foreclosure in case the facts charged and the case made in the bill would justify such decree. We conceive that this court could not sustain the decree of foreclosure, because it is not consistent with the case made by the bill of complaint. The complainants, so far from charging it to be a mortgage, expressly and positively disclaim it and call upon the defendants to answer upon oath, and to say whether the instrument described in the bill was not intended as-an absolute conveyance in fee. The relief prayed must depend upon the proper frame and structure of the bill; for the court will grant such relief only as the case stated will justify ; and will not ordinarily be so indulgent as to permit a bill framed for one purpose to answer another, especially if the defendant may be surprised or' prejudiced thereby. Thus if a bill is brought for an annuity or rent charge of ten pounds per annum left under a will, and the counsel' for the plaintiff pray at the bar that they may drop the demand of the annuity or rent charge and insist upon the land itself, the court will not grant it, for it is not agreeable to the case made by the bill. Grimes vs. French, 2 Atk. 141. Demur vs. Fortescue, 3 Atk. 124, 132. It is not doubted but that the court may grant any relief to which the party complainant may show himself entitled under the general prayer, in case it shall be consistent with the case made, that he will not be confined to the specific relief prayed. The usual course is for the plaintiff to make a special prayer for the particular relief, to which he thinks himself entitled, and then to conclude with a prayer of genet al relief at the discretion of the court. The latter never can be properly and safely omitted; because, if the plaintiffshould mistake the relief to which he is entitled in his special prayer, the court may yet afford him the relief to which he has a right under the prayer of general relief. The complainants did not ask for a foreclosure of a mortgage nor did they admit that the two instruments taken together would amount to a mortgage; but on-the contrary they disclaimed the fact, and insisted throughout that the instrument exhibited in their bill was intended as an absolute deed in fee. It would be difficult to conceive of a case where the decree would be more directly at war with the case made by the bill than the one now before us. We are therefore clearly of opinion that the circuit court erred in pronouncing the decree in this case, and that consequently it ought to be reversed. Judgment reversed.